```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
POLINA GERTSKIS,                    :
                                    :
                        Plaintiff,  :     07 Civ. 2235 (TPG)
                                    :
         - against -                :     **OPINION**
                                    :
NEW YORK CITY DEPARTMENT OF         :
HEALTH AND MENTAL HYGIENE, ET AL.,  :
                                    :
                        Defendants. :
                                    :
------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/07

Pro se plaintiff Polina Gertskis moves for leave to file a second amended complaint in her employment discrimination case. Defendants oppose the motion. The motion is denied.

## Background

This case is brought by pro se plaintiff Polina Gertskis against her former employer, the New York City Department of Health and Mental Hygiene ("DOHMH"); plaintiff's DOHMH supervisor, Peter Backman; and plaintiff's former union, District Council 37 and Local 375 of the American Federation of State, County, and Municipal Employees. Plaintiff has raised a variety of claims, including claims of unlawful discrimination on the basis of sex, national origin, and religion in violation of 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

Plaintiff amended the complaint on August 14, 2007, to add a claim of constructive discharge and to provide additional factual allegations. On February 19, 2008, shortly before the scheduled end of discovery, plaintiff filed the present motion seeking leave to further amend the complaint. The proposed complaint would add a new defendant, Dorothy Wright, the Director of Equal Employment Opportunity ("EEO") at DOHMH; would add a claim that defendants have conspired to deprive plaintiff of equal protection of the laws, in violation of 42 U.S.C. § 1985(3); and would add numerous factual allegations related to existing claims.

## **Discussion**

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be "freely" given. This relaxed standard applies with particular force to pro se litigants. Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir. 1999). Nonetheless, leave may be denied under certain circumstances, including futility of the amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962). An amendment may be denied as futile when it would be subject to immediate dismissal. Jones v. N.Y. State Div. of Military & Naval Affairs, 166 F.3d 45, 55 (2d Cir. 1999).

Dorothy Wright

Plaintiff's allegations against Wright amount to a claim that Wright "intentionally condoned and approved the harassing and discriminatory behavior" allegedly exhibited by other defendants. Proposed Cplt. ¶ 15.

Plaintiff alleges that Wright failed to (1) investigate or remedy plaintiff's claims of discrimination; (2) produce certain documents to plaintiff; and (3) meet with plaintiff again after a contentious encounter on November 8, 2006. Id. Plaintiff also claims that another DOHMH employee told plaintiff that it was the "opinion of 'few managers' that Dorothy Wright discriminated against [plaintiff] because of [plaintiff's] skin color—white." Id. ¶ 18(e).

These allegations lack two elements required to state a claim under § 1983. First, a § 1983 plaintiff must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of discriminatory intent. Patterson v. County of Oneida, 375 F.3d 206, 226 (2d Cir. 2004); Yusuf v. Vassar College, 35 F.3d 709, 713 (2d Cir. 1994). None of plaintiff's allegations support an inference of discriminatory intent. The allegation about Wright acting intentionally, quoted above, is too broad and conclusory to be a sufficient allegation of intent. Even if Wright failed to investigate plaintiff's allegations, there is no allegation of circumstances indicating that this was motivated by discriminatory intent. Moreover, the proposed complaint actually indicates that Wright did investigate plaintiff's claims, a fact supported by documents submitted by plaintiff. See Proposed Cplt. ¶¶ 15(i), 18(d), and 18(f); see also Exh. 2 to Plaintiff's Reply Brief. The allegation of what was said by another employee as to discrimination by Wright—an unsubstantiated, double-hearsay accusation— does not suffice to create a "plausible inference" of discriminatory intent.

Second, plaintiff must allege Wright's personal involvement in a deprivation of constitutional rights. This requires a showing that Wright (1) directly participated in the deprivation, (2) created "a policy or custom fostering the unlawful conduct," (3) acted with deliberate indifference or failed to take corrective action after learning of a subordinate's conduct, or (4) was grossly negligent in supervising subordinates. Hayut v. State Univ. of N.Y., 352 F.3d 733, 753 (2d Cir. 2003). Plaintiff alleges that Wright failed to take necessary corrective action by declining to investigate plaintiff's claims. Yet, as discussed above, this allegation is belied by other statements in the proposed complaint indicating that Wright investigated plaintiff's claims and determined that the actions taken by plaintiff's supervisors were nondiscriminatory. See Proposed Cplt. ¶¶ 15(i), 18(d), and 18(f).

Since plaintiff has failed to sufficiently allege either discriminatory intent or the personal involvement of Wright, the proposed amended complaint would be subject to immediate dismissal. This amendment would therefore be futile even under the liberal standards applicable to pro se litigants.

Section 1985

Plaintiff has also failed to allege sufficient facts to satisfy the heightened pleading requirements of § 1985(3). Plaintiffs asserting a claim under § 1985 "must allege, with at least some degree of particularity, overt acts" by defendants that were "reasonably related" to the conspiracy. Thomas v. Roach, 165 F.3d 137, 147 (2d Cir. 1999). Plaintiffs must also allege "an agreement, express or tacit, to achieve the unlawful end." Webb v. Goord, 340 F.3d 105,

110 (2d Cir. 2003) (citations and internal quotation marks omitted). Claims that are "couched in terms of conclusory allegations and fail[] to demonstrate some . . . invidiously discriminatory animus" are subject to dismissal. Temple of Lost Sheep Inc. v. Abrams, 930 F.2d 178, 185 (2d Cir. 1991) (citations and internal quotation marks omitted).

When the proposed complaint is liberally construed, it appears to contain three allegations in support of the § 1985 claim. First, plaintiff alleges that Wright and a union official communicated with each other regarding an "effort to enroll [plaintiff] in counseling." Proposed Cplt. ¶ 13. Second, plaintiff alleges that "City and Union defendants conspired to deprive me of equal privileges guaranteed by federal law and by the United States Constitution by ignoring my pleads [sic] for transfer in a deferent [sic] location." Id. ¶ 14. Third, plaintiff alleges that Wright "intentionally condoned and approved the harassing and discriminatory behavior by . . . [l]eading, in concert with the Union Defendants, [a] campaign to harass me and harm me." Id. ¶ 15 and 15(h); see also id. ¶ 18(g).

The crux of plaintiff's claim therefore appears to be that defendants conspired to deprive her of equal protection of the laws. However, plaintiff fails to allege either overt acts related to the purported conspiracy or an agreement to achieve an unlawful end. The only overt act alleged with any particularity is the communication between Wright and a union official in which they discussed an effort to enroll plaintiff in counseling. There is no indication, however, that these individuals were agreeing to "achieve an unlawful end," see

Webb, 340 F.3d at 110, or that the communication was "reasonably related" to a conspiracy to deprive plaintiff of equal protection, see Thomas, 165 F.3d at 147. Plaintiff's remaining allegations—that defendants conspired to ignore her request for a job transfer and to harass her—are conclusory and fail to identify any overt acts related to the alleged conspiracy.

Since plaintiff has failed to satisfy the pleading standards of § 1985, even when the proposed complaint is liberally construed, this amendment would be futile.

Other Proposed Changes

Plaintiff also seeks to add over thirty factual allegations in support of claims made in the first amended complaint. Since the two other grounds for amendment are being rejected, there is no valid reason, at this stage in the litigation, to have a second amended complaint for the purpose of adding a host of new details to the factual allegations.

## Conclusion

The motion to file a second amended complaint is denied.

Dated: New York, New York
September 29, 2008

SO ORDERED

Thomas P. Griesa
U.S.D.J.